1    **LOREN S. YOUNG, ESQ**.
     Nevada Bar No. 7567
2    **LINCOLN, GUSTAFSON & CERCOS, LLP**
     *ATTORNEYS AT LAW*
3    3960 Howard Hughes Parkway, Suite 200
     Las Vegas, Nevada 89169
4    Telephone:    (702) 257-1997
     Facsimile:    (702) 257-2203
5    lyoung@lgclawoffice.com

6    Attorneys for Defendant, TARGET CORPORATION

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA
9

10   DAVID EKBLAD, an individual,              CASE NO:   2:22-cv-00767

11            Plaintiff,

12   v.                                        **DECLARATION OF LOREN S.
                                               YOUNG IN SUPPORT OF NOTICE OF**
13   TARGET CORPORATION, a corporation; and,   **REMOVAL OF ACTION UNDER 28**
     DOES 1-10, inclusive,                     **U.S.C. § 1441(b) (DIVERSITY)**
14
15            Defendants.

16

17       I, LOREN S. YOUNG, declare as follows:

18       1.    I am an attorney duly licensed to practice law before all the courts of the State of

19   Nevada and the United States District Court for the District of Nevada. I am the Managing Partner in

20   the law firm of Lincoln, Gustafson & Cercos, LLP, attorneys of record for Defendant TARGET

21   CORPORATION (hereinafter, "Defendant" or "Target"). I am personally familiar with the within

22   stated facts and would and could testify based upon personal knowledge of the same, and as to those

23   facts stated on information and belief, I believe them to be true.

24       2.    A true and correct copy of the Complaint filed by Plaintiff David Ekblad (hereinafter

25   "Plaintiff") in the District Court of Clark County, State of Nevada, entitled *David Ekblad v. Target*

26   *Corporation; DOES 1-10, inclusive,* Case No. A-21-841897-C ("Complaint"), is attached hereto as

27   Exhibit "A." Plaintiff confirms he is a resident of Los Angeles County, California. *Id*.

28   ///

3.      A true and correct copy of the Summons that was served with the above-referenced Complaint on Defendant is attached hereto as Exhibit "B."

4.      On information and belief, Defendant was served with a copy of the Summons and Complaint on or about October 1, 2021.

5.      The amount in controversy is not stated in the Complaint.  The Complaint states that Plaintiff seeks general damages in excess of $100,000.00.

6.      After being served with Plaintiff's Complaint, Target's counsel sent Plaintiff a letter on October 14, 2021, seeking a stipulation that Plaintiff's damages do not exceed $75,000.00 in exchange for which the matter could remain in state court.  Plaintiff was given until October 18, 2021, to so stipulate.  Plaintiff has not responded to either the letter. (*Id*.)

7.      A true and correct copy of Target's October 14, 2021 letter to Plaintiff's counsel regarding removal and a proposed stipulation regarding the amount in controversy is attached hereto as Exhibit "C."

8.      Defendant Target Corporation filed and served its Demand for Security of Costs pursuant NRS 18.130 on October 21, 2021

9.      A true and correct copy of Defendant's Demand for Security of Costs is attached hereto as Exhibit "D."

10.     Plaintiff failed to post the bond in response to Defendant's Demand for Security of Costs, thus prompting Defendant to file its Motion to Dismiss Plaintiff's Complaint on May 4, 2022.

11.     A true and correct copy of Plaintiff's Motion to Dismiss Plaintiff's Complaint is attached hereto as Exhibit "E."

12.     On May 9, 2022, I spoke with Eran Lagstein, Esq., Plaintiff's counsel in this matter. In response to Defendant's Motion to Dismiss, Plaintiff posted the bond pursuant NRS 18.130 on May 9, 2022 and requested the motion be withdrawn.  Plaintiff's counsel said during the telephone conference that he plans to seeks in excess of $75,000 in damages in this matter.  Based on this representation and confirmation of the alleged damages sought in this matter, Defendant moves for removal within 30 days of May 9, 2022.

1    13.    On information and belief, Defendant was and is a corporation incorporated under the

2    laws of the State of Minnesota, having its principal place of business in the State of Minnesota, and is

3    the only Defendant that has been served with the Summons and Complaint in this action.

4    14.    On information and belief, Defendant's corporate headquarters are located in the State

5    of Minnesota, where the company's executive and administrative functions are performed.

6    15.    This Notice of Removal is filed less than one (1) year after the commencement of the

7    action.

8    16.    This case is filed within (30) days after it first ascertained that the amount in

9    controversy requirement is satisfied for the reasons set forth above and in the Notice of Removal filed

10   herewith, i.e. May 9, 2022.

11   17.    Defendant is serving a written notice of the removal to all adverse parties, including

12   Plaintiff, and will file a copy of the notice with the clerk of the District Court of Clark County, State

13   of Nevada, where this action is currently pending.

14   I declare under penalty of perjury under the laws of the United States and the State of Nevada

15   that the foregoing is true and correct, and if called upon to testify to the facts thereto, could and would

16   do so competently.

17   Executed on May __16__, 2022, in Las Vegas, Nevada.

18

19

20   
     LOREN S. YOUNG

21

22   s:\a-e ek\blad_target\atty notes drafts\pldgs federal court 20220509_decl_lsy_mrm.docx

23

24

25

26

27

28

-3-

# EXHIBIT A

# EXHIBIT A

Electronically Filed
9/29/2021 4:39 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**

2  Eran Lagstein, Esq., Nevada Bar No. 7413
   **LAGSTEIN LAW FIRM, P.C.**

3  1801 Century Park East, 25th Floor
   Los Angeles, CA 90067

4  Tel.:    323.330.0507
   Fax:    323.330.0508

5

6  Attorneys for Plaintiff,
   DAVID EKBLAD

7

8

9                              DISTRICT COURT

10                        CLARK COUNTY, NEVADA

11

12  **DAVID EKBLAD**, an individual,          )    **COMPLAINT FOR DAMAGES AND**
                                              )    **DEMAND FOR JURY TRIAL**
13                     Plaintiff,             )
                                              )
14           vs.                              )
                                              )
15  **TARGET CORPORATION**, a corporation;    )
    and **DOES 1-10**, inclusive,             )
16                                            )
                                              )
17                     Defendants.            )
                                              )
18                                            )
                                              )
19                                            )
                                              )
20                                            )
                                              )
21                                            )

22

23

24

25

26

27

28

CASE NO: A-21-841897-C
Department 14

---

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## GENERAL ALLEGATIONS

1.      Plaintiff David Ekblad ("EKBLAD" or "PLAINTIFF") has, at all times relevant to this Complaint, been a resident of Los Angeles County, California.

2.      Defendant Target Corporation ("DEFENDANT TARGET") has, at all times relevant to this Complaint, been a corporation incorporated and headquartered in the State of Minnesota.

3.      The incident upon which this Complaint is based, took place in Clark County, Nevada.

4.      Upon information and belief, PLAINTIFF alleges that DOES 1-10 are each in some way also responsible for his injuries, whether through negligence or in some other actionable manner. PLAINTIFF is informed and believes, and on that basis alleges, that each defendant sued under a fictitious name is in some manner also responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, principal, servant, partner, employee and/or employer of the co-defendants, and in performing the actions alleged below, was acting within the course and scope of his or her authority with the permission and consent of co-defendants. PLAINTIFF shall amend this Complaint to state their true identities once same has been ascertained.

## FACTUAL BACKGROUND

5.      EKBLAD realleges each and every preceding paragraph and incorporates same herein by reference.

6.      On February 16, 2021, EKBLAD, while shopping on DEFENDANT TARGET's premises in Las Vegas, NV, slipped and fell on water that was on the floor.

7.      As a result, EKBLAD was severely injured, both economically and non-economically.
///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION –NEGLIGENCE

(By EKBLAD against all Defendants)

8.     EKBLAD realleges each and every preceding paragraph and incorporates same herein by reference.

9.     DEFENDANTS owed to EKBLAD the duty of care.

10.     DEFENDANTS breached that duty when they allowed, created, and/or permitted to exist, on their floor, and which they own, a dangerous and hazardous condition – i.e., water on the floor.  DEFENDANTS, in addition, wholly failed to guard against, protect against, warn against, or otherwise give notice of this dangerous condition.

11.     As an actual, direct, and proximate result of DEFENDANTS' negligence, EKBLAD was injured, both economically and non-economically, and suffered damages and injuries, including, but not limited to, incurring medical bills and severe pain and suffering.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1.     For general damages in an amount over $100,000.

2.     For special damages in an amount over $100,000.

3.     For prejudgment interest at the lawful rate.

4.     For such other compensation and relief as the Court deems just and proper, including costs of suit herein.

Dated: September 29, 2021                    LAGSTEIN LAW FIRM, P.C.


                                                            /s/ Eran Lagstein
                                                            Eran Lagstein, Esq.
                                                            Attorneys for Plaintiff,
                                                            DAVID EKBLAD

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiff hereby demands a trial by jury on all causes of action contained in the instant matter.

3

4       Dated: September 29, 2021                    LAGSTEIN LAW FIRM, P.C.

5

6                                                    /s/ Eran Lagstein
                                                     Eran Lagstein, Esq.
7                                                    Attorneys for Plaintiff,
                                                     DAVID EKBLAD
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT B

EXHIBIT B

Electronically Issued
9/29/2021 4:39 PM

**SUMM**
Eran Lagstein, Esq., State Bar No. 7413
Lagstein Law Firm, P.C.
1801 Century Park East, 24th Fl.
Los Angeles, CA 90067
Tel. 323.330.0507
Fax: 323.330.0508

# DISTRICT COURT

## CLARK COUNTY, NEVADA

DAVID EKBLAD, an individual,

               Plaintiff(s),

           -vs-

TARGET CORPORATION, a corporation;
and DOES 1-10, inclusive,

              Defendant(s).

CASE NO. A-21-841897-C

DEPT. NO.

### SUMMONS - CIVIL

**NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

    1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

        (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

        (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

Submitted by:

By: _____  9/30/2021

      Deputy Clerk           Date

/s/ Eran Lagstein
Eran Lagstein

Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

Demond Palmer

**NOTE: When service is by publication, add a brief statement of the object of the action.  See Nevada Rules of Civil Procedure 4(b).**

2

# EXHIBIT C

# EXHIBIT C

THOMAS J. LINCOLN*+
RANDALL D. GUSTAFSON*+◊
THEODORE R. CERCOS*+
CHARLES K. EGAN*
LOREN S. YOUNG+
SHANNON G. SPLAINE+◊
JILL S. CHILCOAT*
CHRISTIAN W. SCHMITTHENNER*
KATIE McCURDY BRACH*
JORDAN T. NAGER*
RICHARD J. REESE*
KARISSA K. MACK+

DARCIE A. F. COLIHAN*
GENE E. ROYCE*◊
AMANDA M. BREMSETH*
DANICA J. BRUSTKERN*
PAUL D. BALLOU+◊
BRITTNI N. BAILUS*
JESSICA W. ROWLAND*
GABRIELLA S. BURDEN*
Hon. MARK B. BAILUS (Rer.)+
LISA XU*
ALEXANDER H. GETMAN*
MELISSA K. MIXER*
MADELINE A. BARRETT*
NICOLE F. DAVIDOV*
MARY A. HUGGINS+

ADMITTED IN ARIZONA◊
ADMITTED IN CALIFORNIA*
ADMITTED IN NEVADA+

**LINCOLN, GUSTAFSON & CERCOS**
**LLP**

**ATTORNEYS AT LAW**

**3960 HOWARD HUGHES PARKWAY
SUITE 200
LAS VEGAS, NV 89169-5968**

TELEPHONE (702) 257-1997
FACSIMILE (702) 257-2203

E-MAIL INFO@LGCLAWOFFICE.COM

**Founded 1987**

SAN DIEGO COUNTY OFFICE
550 WEST "C" STREET, SUITE 1400
SAN DIEGO, CA 92101
TELEPHONE (619) 233-1150
FACSIMILE (619) 233-6949

PHOENIX OFFICE
2415 E. CAMELBACK ROAD, SUITE 700
PHOENIX, AZ 85016
TELEPHONE (602) 606-5735
FACSIMILE (602) 508-6099

LOREN S. YOUNG
MANAGING PARTNER
NEVADA

MONICA J. YOON*
OF COUNSEL

October 14, 2021

<u>VIA EMAIL AND FACSIMILE</u>

Eran Lagstein, Esq.
LAGSTEIN LAW FIRM, P.C.
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
eran@lagsteinlawfirm.com
Facsimile: 323-330-0508

Re:   <u>Ekblad, David v. Target Corporation</u>
      Your Client:   David Ekblad
      My Client:     Target Corporation
      Case No.:      A-21-841897-C
      DOI:           February 16, 2021

Dear Mr. Lagstein:

My firm has been retained to represent Target Corporation in the referenced matter.  Please be advised that we intend to file a Notice of Removal to remove this case from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada, Southern Division.

We will agree to remain in state court, however, if you stipulate that Plaintiff will not seek damages in excess of $75,000 in any jurisdiction.  Please confirm this agreement by signing at the bottom of this letter and returning it to my office via facsimile or electronic mail **before 5:00 p.m. on Monday, October 18, 2021**.  If we do not receive a response from you by that date, we will assume that you do not consent to limiting damages in this regard, that you have a good faith belief the

Re:   Ekblad, David v. Target Corporation
      October 14, 2021
      Page 2

case has a value that exceeds the sum or value of $75,000, exclusive of interest and costs, and we will remove the case accordingly.

Thank you for your attention to this matter.  Please do not hesitate to call if you have any questions.

                                    Very truly yours,

                                    LINCOLN, GUSTAFSON & CERCOS, LLP

                                    LOREN S. YOUNG, ESQ.

/mrm

SO STIPULATED AND AGREED

_____
By:   Eran Lagstein, Esq.
      LAGSTEIN LAW FIRM, P.C.
      Attorney for Plaintiff, David Ekblad

V:\A-E\Ekblad_Target\Atty Notes\Drafts\Ltrs\20211014_lagstein_mrm.docx

```
************************************************
***              Send Results              ***
************************************************

              Sending is complete.

     Job No.                    3838
     Address                    13233300508
     Name
     Start Time                 10/14 01:49 PM
     Call Length                00'52
     Sheets                     2
     Result                     OK
```

**LINCOLN, GUSTAFSON & CERCOS**
LLP

**ATTORNEYS AT LAW**

**3960 HOWARD HUGHES PARKWAY**
SUITE 200
LAS VEGAS, NV 89169-5968

TELEPHONE (702) 257-1997
FACSIMILE (702) 257-2203

E-MAIL INFO@LGCLAWOFFICE.COM

**Founded 1987**

THOMAS J. LINCOLN*+
RANDALL D. GUSTAFSON*+◊
THEODORE R. CERCOS*+
CHARLES K. EGAN*
LOREN S. YOUNG+
SHANNON G. SPLAINE+◊
JILL S. CHILCOAT*
CHRISTIAN W. SCHMITTHENNER*
KATIE McCURDY KRACH*
JORDAN T. NAGER*
RICHARD J. REESE*
KARISSA K. MACK+

DARCIE A. F. COLIHAN*
GENE E. ROYCE*◊
AMANDA M. BREMSETH*
DANICA J. BRUSTKERN*
PAUL D. BALLOU+◊
BRITTNI N. BAILUS*
JESSICA W. ROWLAND*
GABRIELLA S. BURDEN*
Hon. MARK B. BAILUS (Ret.)+
LISA XU*
ALEXANDER H. GETMAN*
MELISSA K. MIXER*
MADELINE A. HARRETT*
NICOLE F. DAVIDOV*
MARY A. HUGGINS+

ADMITTED IN ARIZONA◊
ADMITTED IN CALIFORNIA*
ADMITTED IN NEVADA+

SAN DIEGO COUNTY OFFICE
550 WEST "C" STREET, SUITE 1400
SAN DIEGO, CA 92101
TELEPHONE (619) 233-1150
FACSIMILE (619) 233-6949

PHOENIX OFFICE
2415 E. CAMELBACK ROAD, SUITE 700
PHOENIX, AZ 85016
TELEPHONE (602) 606-5735
FACSIMILE (602) 508-6099

LOREN S. YOUNG
MANAGING PARTNER
NEVADA

MONICA J. YOON*
OF COUNSEL

October 14, 2021

<u>VIA EMAIL AND FACSIMILE</u>

Eran Lagstein, Esq.
LAGSTEIN LAW FIRM, P.C.
1801 Century Park East, 25th Floor
Los Angeles, CA 90067
eran@lagsteinlawfirm.com
Facsimile: 323-330-0508

Re:  <u>Ekblad, David v. Target Corporation</u>
     Your Client:   David Ekblad
     My Client:     Target Corporation
     Case No.:      A-21-841897-C
     DOI:           February 16, 2021

Dear Mr. Lagstein:

**Michelle McCracken**

| | |
|---|---|
| **From:** | Michelle McCracken |
| **Sent:** | Thursday, October 14, 2021 1:32 PM |
| **To:** | eran@lagsteinlawfirm.com |
| **Cc:** | Barbara Pederson; Loren Young |
| **Subject:** | Ekblad v. Target |
| **Attachments:** | 20211014_lagstein_mrm_final.pdf |

Mr. Lagstein:

Please find a copy of the correspondence dated today from Mr. Young as it pertains to the Eklund v. Target matter attached to this email.  Please note that the courtesy of a response is requested by 5:00 p.m. on Monday.  Thank you.

**Michelle McCracken**
**Office Manager and Legal Assistant to**
**Loren S. Young, Esq. - Managing Partner**
**LINCOLN, GUSTAFSON & CERCOS LLP**
**Experience.  Integrity.  Results.**

California     Nevada     Arizona

| | | |
|---|---|---|
| 550 West "C" Street, Suite 1400 | 3960 Howard Hughes Parkway, Suite 200 | 2415 E. Camelback Rd.,  Suite 700 |
| San Diego, California  92101 | Las Vegas, Nevada  89169 | Phoenix, Arizona  85016 |
| 619.233.1150;  619.233.6949 Fax | 702.257.1997; 702.257.2203 Fax | 602.606.5735; 602.508.6099 Fax |

*www.lgclawoffice.com*

The information contained in the text (and attachments) of this e-mail is privileged, confidential and only intended for the addressee(s).  Nothing in this email or attachments is intended as tax advice and must not be relied upon in that regard.  Please consult your tax advisors.  You are not authorized to forward this email or attachments to anyone without the express written consent of the sender.

# EXHIBIT D

# EXHIBIT D

Electronically Filed
10/21/2021 3:28 PM
Steven D. Grierson
CLERK OF THE COURT

1  **DMSC**
   **LOREN S. YOUNG, ESQ.**
2  Nevada Bar No. 7567
   **LINCOLN, GUSTAFSON & CERCOS, LLP**
3  *ATTORNEYS AT LAW*
   3960 Howard Hughes Parkway, Suite 200
4  Las Vegas, Nevada 89169
   Telephone:    (702) 257-1997
5  Facsimile:    (702) 257-2203
   lyoung@lgclawoffice.com
6
   Attorneys for Defendant,
7  TARGET CORPORATION

8

9

10                          DISTRICT COURT

11                    CLARK COUNTY, NEVADA

12

13  DAVID EKBLAD, an individual,          CASE NO: A-21-841897-C

14          Plaintiff,                     DEPT. 14

15  v.

16  TARGET CORPORATION, a corporation; and   **DEFENDANT TARGET**
    DOES 1-10, inclusive,                    **CORPORATION'S DEMAND FOR**
17                                           **SECURITY OF COSTS**
            Defendants.
18

19

20  TO:    DAVID EKBLAD, an individual, Plaintiff; and,

21  TO:    ERAN LAGSTEIN, ESQ., LAGSTEIN LAW FIRM, P.C., Attorney for Plaintiff.

22         NOTICE IS HEREBY GIVEN pursuant to NRS §18.130, that TARGET CORPORATION,

23  Defendant in the above-entitled case, hereby demands and requests security from Plaintiff DAVID

24  ///

25  ///

26  ///

27  ///

28  ///

-1-

1  EKBLAD, a non-resident of this State, for Defendant's costs and charges which may be awarded

2  herein against Plaintiff in the sum of Five Hundred Dollars ($500.00).

3       DATED this 20th day of October, 2021.

4                                    LINCOLN, GUSTAFSON & CERCOS, LLP

5

6                                    LOREN S. YOUNG, ESQ.
                                     Nevada Bar Number 7567
7                                    3960 Howard Hughes Parkway, Suite 200
                                     Las Vegas, NV  89169
8                                    Attorneys for Defendant,
                                     TARGET CORPORATION
9

10

11  v:\a-e\ekblad_target\atty notes\drafts\pldgs\20211020_dmsc_mrm.docx

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Ekblad v. Target Corporation**
**Clark County Case No. A-21-841897-C**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of October, 2021, I served a copy of the attached **DEFENDANT TARGET CORPORATION'S DEMAND FOR SECURITY OF COSTS** via electronic service to all parties on the Odyssey E-Service Master List.

I HEREBY CERTIFY that I served a copy of the attached **DEFENDANT TARGET CORPORATION'S DEMAND FOR SECURITY OF COSTS** via United States Mail, from Las Vegas, Nevada, postage prepaid and addressed to the last known address as follows:

Eran Lagstein, Esq.
Lagstein Law Firm, P.C.
1801 Century Park East
25th Floor
Los Angeles, CA 90067

Michelle McCracken, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

V:\A-E\Ekblad_Target\POS\20211021_DMSC_mrm.doc

-1-

# EXHIBIT E

# EXHIBIT E

Electronically Filed
5/4/2022 4:03 PM
Steven D. Grierson
CLERK OF THE COURT

**MTD**
**LOREN S. YOUNG, ESQ**.
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:     (702) 257-1997
Facsimile:     (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DAVID EKBLAD, an individual, | CASE NO: A-21-841897-C |
| Plaintiff, | DEPT. 14 |
| v. | |
| TARGET CORPORATION, a corporation; and DOES 1-10, inclusive, | **DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| Defendants. | *Oral Argument Requested* |

COMES NOW, Defendant, TARGET CORPORATION (hereinafter collectively "Target"), by and through their counsel of record, the law firm of LINCOLN, GUSTAFSON & CERCOS, LLP, and hereby submits the following Points and Authorities in support of its' Motion to Dismiss Plaintiff's Complaint, for failure to post the required security bond pursuant to NRS §18.130.

The Motion is brought pursuant to Nevada Revised Statute 18.130(4) and is based upon the attached memorandum of Points and Authorities, the papers, pleadings and records contained in this Court's file, and any arguments of counsel to be presented at the hearing on the matter.

DATED this 4th day of May, 2022.

LINCOLN, GUSTAFSON & CERCOS, LLP

**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Attorneys for Defendant, TARGET CORPORATION

**POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

This matter concerns allegations of personal injuries by Plaintiff, DAVID EKBLAD, related to an alleged slip and fall incident that occurred on February 16, 2021 while Plaintiff was inside the Target store located on Blue Diamond Road in Las Vegas, Nevada. Plaintiff reported that when he was near the Toy department, he fell on some liquid and hurt his left ankle. Plaintiff declined medical transport and left the store.

Plaintiff filed the complaint on September 29, 2021 naming TARGET CORPORATION as a defendant, asserting a single cause of action for negligence. (*See* Complaint filed September 29, 2021, a true and correct copy is attached hereto as Exhibit "A"). Paragraph 1 of the complaint asserts that Plaintiff is a resident of Los Angeles County, California. *Id.*

On October 21, 2021, Target filed and served a Demand to Plaintiff to post a security bond for costs pursuant to NRS §18.130. (*See* Defendant's Demand, a true and correct copy is attached hereto as Exhibit "B"). As of the filing of this motion, Plaintiff has not filed nor served notice of posting the cost bond. Thus, pursuant to NRS §18.130(4), Defendant respectfully requests the Court dismiss the Complaint, with prejudice. *See Brion v. Union Plaza Corp.*, 104 Nev. 553, 555, 763 P.2d 64 (1988); *Borders Electronic Co. v. Quirk*, 97 Nev. 205, 626 P.2d 266 (1981).

**II.**

**DISCUSSION**

**A. APPLICABLE LAW**

NRS §18.130 provides as follows:

> 1. When a plaintiff in an action resides out of the state, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor within the time limited for answering the complaint. When so required, all proceedings in the action shall be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $500; or in lieu of such undertaking, the plaintiff may deposit $500, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking. The plaintiff, upon filing the undertaking or depositing

-2-

1
2
the security, shall notify the defendant of such filing or deposit, and the defendant, after receipt of such notice, shall have 10 days or the period allowed under N.R.C.P. 12(a), whichever is longer, in which to answer or otherwise plead to the complaint.

3
4
5
2. A new or an additional undertaking may be ordered by the court or judge upon proof that the original undertaking is insufficient security, and proceedings in the action stayed until such new or additional undertaking be executed and filed.

6
7
8
3. Each of the sureties on the undertaking mentioned in subsection 1 shall annex to the same an affidavit that the surety is a resident and householder, or freeholder, within the county and is worth double the amount specified in the undertaking, over and above all the surety's just debts and liabilities, exclusive of property exempt from execution.

9
10
4. After the lapse of 30 days from the service of notice that security is required, or of an order for new or additional security, upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action to be dismissed.

11    Whether to dismiss a complaint for untimely filing of the undertaking is a discretionary

12 determination to be made by the trial judge. *See Fourchier v. McNeil Const. Co.*, 68 Nev. 109, 227

13 P.2d 429 (1951). The Supreme Court recently interpreted the statute concluding NRS 18.130(1) and

14 18.130(4) does not mandate a time frame in which the security must be filed, but, upon providing

15 proof that 30 days has passed and no security has been filed, Defendants may move to dismiss the

16 case. *Biscay v. MGM Resorts Int'l*, 352 P.3d 1148, 1149 (2015). The 30-day requirement is a

17 prerequisite for dismissal, not for filing the security. *Id.*

18    In *Brion v. Union Plaza Corp.*, Plaintiff posted a bond 68 days after the demand was made,

19 however, the complaint was dismissed based on a plain reading of the statute that clearly provides that

20 the court may dismiss the action if the cost bond is not posted within 30 days from the date of the

21 demand. *Brion v. Union Plaza Corp.*, 104 Nev. 553, 554-555, 763 P.2d 64 (1988). "We have held

22 that if such a dismissal is granted, the decision will not be overturned absent an abuse of the court's

23 discretion." *Id.* The Supreme Court held that dismissal of the action was appropriate since Plaintiff

24 did not misunderstand the bond requirement, but Plaintiff simply failed to file the notice of cost bond

25 within 30 days. "This lapse does not suffice to justify a reversal of the district court's decision. *Id.* at

26 555.

27    The Nevada Supreme Court found that dismissal of a complaint, with prejudice, pursuant to

28 NRS 18.130(4) is not an abuse of discretion where the Plaintiff simply neglected to comply with the

1    statute, did not have a good faith misunderstanding of the statute, but claimed that the attorney and

2    client was busy. *Borders Elec. Co. v. Quirk*, 97 Nev. 205, 206, 626 P.2d 266 (1981).   Although the

3    Plaintiff filed the security costs 19 days late, the dismissal was upheld as Plaintiff never sought an

4    extension of time within which to file the cost bond, either before or after the 30-day time period

5    passed. *Id.*

6    **B.   ARGUMENT**

7    As noted, the Supreme Court has concluded that NRS 18.130(1) and 18.130(4) does not

8    mandate a time frame in which the security must be filed, but, upon providing proof that the demand

9    was made, 30 days has passed and no security has been filed, Defendants may move to dismiss the

10   case. *Biscay*, 352 P.3d 1148, 1149 (2015).

11   Here, Defendant filed and served a Demand on behalf of Target for Plaintiff to post cost bonds

12   pursuant to NRS §18.130 on October 21, 2021.  (*See* Exhibit "B").  As of the filing of this motion,

13   196 days have passed, and Plaintiff has not posted the required bond nor provided notice of posting

14   the cost bond. Plaintiff has not sought an extension and clearly understands the requirements of NRS

15   §18.130, but has failed to post the required bond.  The Complaint should be dismissed.

16   **III.**

17   **CONCLUSION**

18   Based on the forgoing, Defendant, TARGET CORPORATION moves this Court for an order

19   dismissing Plaintiff's complaint against Target, with prejudice.  NRS §18.130(4); *Brion*, 104 Nev.

20   553, 555 (1988); *Borders Electronic*, 97 Nev. 205 (1981); and *Biscay*, 352 P.3d 1148, 1149 (2015).

21   DATED this 4th day of May, 2022.

22   **LINCOLN, GUSTAFSON & CERCOS, LLP**

23

24   **LOREN S. YOUNG, ESQ.**
     Nevada Bar No. 7567
25   3960 Howard Hughes Parkway, Suite 200
     Las Vegas, Nevada 89169
26   Attorneys for Defendants, TARGET CORPORATION

27   v: a-e ekblad_target atty notes drafts pldgs 20200504 mtd cost bond_lsy.docx

28

**Ekblad v. Target Corporation**
**Clark County Case No. A-21-841897-C**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 4th day of May, 2022, I served a copy of the attached **DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** via electronic service to all parties on the Odyssey E-Service Master List.

    I HEREBY CERTIFY that I served a copy of the attached **DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** via United States Mail, from Las Vegas, Nevada, postage prepaid and addressed to the last known address as follows:

Eran Lagstein, Esq.
Lagstein Law Firm, P.C.
1801 Century Park East
25th Floor
Los Angeles, CA 90067


Michelle McCracken, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

V:\A-E\Ekblad_Target\POS\20220504_MTD_mrm.doc

# EXHIBIT A

# EXHIBIT A

Electronically Filed
9/29/2021 4:39 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Eran Lagstein, Esq., Nevada Bar No. 7413
**LAGSTEIN LAW FIRM, P.C.**
1801 Century Park East, 25ᵗʰ Floor
Los Angeles, CA 90067
Tel.:    323.330.0507
Fax:    323.330.0508

Attorneys for Plaintiff,
DAVID EKBLAD

CASE NO: A-21-841897-C
Department 14

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| **DAVID EKBLAD**, an individual, | ) **COMPLAINT FOR DAMAGES AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **TARGET CORPORATION**, a corporation; | ) |
| and **DOES 1-10**, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

1

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## GENERAL ALLEGATIONS

1.      Plaintiff David Ekblad ("EKBLAD" or "PLAINTIFF") has, at all times relevant to this Complaint, been a resident of Los Angeles County, California.

2.      Defendant Target Corporation ("DEFENDANT TARGET") has, at all times relevant to this Complaint, been a corporation incorporated and headquartered in the State of Minnesota.

3.      The incident upon which this Complaint is based, took place in Clark County, Nevada.

4.      Upon information and belief, PLAINTIFF alleges that DOES 1-10 are each in some way also responsible for his injuries, whether through negligence or in some other actionable manner. PLAINTIFF is informed and believes, and on that basis alleges, that each defendant sued under a fictitious name is in some manner also responsible for the wrongs and damages as alleged below, and in so acting was functioning as the agent, principal, servant, partner, employee and/or employer of the co-defendants, and in performing the actions alleged below, was acting within the course and scope of his or her authority with the permission and consent of co-defendants. PLAINTIFF shall amend this Complaint to state their true identities once same has been ascertained.

## FACTUAL BACKGROUND

5.      EKBLAD realleges each and every preceding paragraph and incorporates same herein by reference.

6.      On February 16, 2021, EKBLAD, while shopping on DEFENDANT TARGET's premises in Las Vegas, NV, slipped and fell on water that was on the floor.

7.      As a result, EKBLAD was severely injured, both economically and non-economically.
///

2

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION –NEGLIGENCE

### (By EKBLAD against all Defendants)

8.      EKBLAD realleges each and every preceding paragraph and incorporates same herein by reference.

9.      DEFENDANTS owed to EKBLAD the duty of care.

10.     DEFENDANTS breached that duty when they allowed, created, and/or permitted to exist, on their floor, and which they own, a dangerous and hazardous condition – i.e., water on the floor.  DEFENDANTS, in addition, wholly failed to guard against, protect against, warn against, or otherwise give notice of this dangerous condition.

11.     As an actual, direct, and proximate result of DEFENDANTS' negligence, EKBLAD was injured, both economically and non-economically, and suffered damages and injuries, including, but not limited to, incurring medical bills and severe pain and suffering.

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1.      For general damages in an amount over $100,000.

2.      For special damages in an amount over $100,000.

3.      For prejudgment interest at the lawful rate.

4.      For such other compensation and relief as the Court deems just and proper, including costs of suit herein.

Dated: September 29, 2021                    LAGSTEIN LAW FIRM, P.C.


                                             /s/ Eran Lagstein
                                             Eran Lagstein, Esq.
                                             Attorneys for Plaintiff,
                                             DAVID EKBLAD

3

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action contained in the instant matter.


Dated: September 29, 2021                              LAGSTEIN LAW FIRM, P.C.


                                                       /s/ Eran Lagstein
                                                       Eran Lagstein, Esq.
                                                       Attorneys for Plaintiff,
                                                       DAVID EKBLAD

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT B

# EXHIBIT B

Electronically Filed
10/21/2021 3:28 PM
Steven D. Grierson
CLERK OF THE COURT

1  **DMSC**
   **LOREN S. YOUNG, ESQ**.
2  Nevada Bar No. 7567
   **LINCOLN, GUSTAFSON & CERCOS, LLP**
3  *ATTORNEYS AT LAW*
   3960 Howard Hughes Parkway, Suite 200
4  Las Vegas, Nevada 89169
   Telephone:    (702) 257-1997
5  Facsimile:    (702) 257-2203
   lyoung@lgclawoffice.com
6
   Attorneys for Defendant,
7  TARGET CORPORATION

8

9

10                          DISTRICT COURT

11                    CLARK COUNTY, NEVADA

12

13  DAVID EKBLAD, an individual,            CASE NO: A-21-841897-C

14            Plaintiff,                    DEPT. 14

15  v.

16  TARGET CORPORATION, a corporation; and   **DEFENDANT TARGET**
    DOES 1-10, inclusive,                   **CORPORATION'S DEMAND FOR**
17                                          **SECURITY OF COSTS**
            Defendants.
18

19
20  TO:    DAVID EKBLAD, an individual, Plaintiff; and,

21  TO:    ERAN LAGSTEIN, ESQ., LAGSTEIN LAW FIRM, P.C., Attorney for Plaintiff.

22         NOTICE IS HEREBY GIVEN pursuant to NRS §18.130, that TARGET CORPORATION,

23  Defendant in the above-entitled case, hereby demands and requests security from Plaintiff DAVID

24  ///

25  ///

26  ///

27  ///

28  ///

                                        -1-

EKBLAD, a non-resident of this State, for Defendant's costs and charges which may be awarded herein against Plaintiff in the sum of Five Hundred Dollars ($500.00).

DATED this 20th day of October, 2021.

LINCOLN, GUSTAFSON & CERCOS, LLP

LOREN S. YOUNG, ESQ.
Nevada Bar Number 7567
3960 Howard Hughes Parkway, Suite 200
Las Vegas, NV  89169
Attorneys for Defendant,
TARGET CORPORATION

v:\a-e\ekblad_target\atty notes\drafts\pldgs\20211020_dmsc_mrm.docx

**Ekblad v. Target Corporation**
**Clark County Case No. A-21-841897-C**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of October, 2021, I served a copy of the attached **DEFENDANT TARGET CORPORATION'S DEMAND FOR SECURITY OF COSTS** via electronic service to all parties on the Odyssey E-Service Master List.

I HEREBY CERTIFY that I served a copy of the attached **DEFENDANT TARGET CORPORATION'S DEMAND FOR SECURITY OF COSTS** via United States Mail, from Las Vegas, Nevada, postage prepaid and addressed to the last known address as follows:

Eran Lagstein, Esq.
Lagstein Law Firm, P.C.
1801 Century Park East
25th Floor
Los Angeles, CA 90067

Michelle McCracken, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

V:\A-E\Ekblad_Target\POS\20211021_DMSC_mrm.doc

-1-